IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

CYNTHIA A. CASALINA,

Plaintiff,

vs. No. 1:13-CV-00535

LOS ALAMOS FIELD OFFICE, THE UNITED STATES DEPARTMENT OF ENERGY, and MR. ERNEST MONIZ, in his capacity as the Secretary of Energy,

Defendants.

**COMPLAINT FOR DISCRIMINATION UNDER THE EQUAL PAY ACT and TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**

COMES NOW CYNTHIA A. CASALINA, by and through her attorneys, JONES, SNEAD, WERTHEIM & CLIFFORD, P.A., and for her complaint for discrimination states the following:

1. This is an action for discrimination on the basis of sex in violation of Title VII and for violation of the Equal Pay Act ("EPA").
2. Ms. Casalina is a resident of the County of Los Alamos, New Mexico.
3. Defendant Los Alamos Field Office ("LAFO") is a subdivision of the Department of Energy ("DOE").
4. All relevant actions took place in New Mexico.
5. Jurisdiction and venue are proper in this court.
6. A separate action has been filed in the United States Court of Federal Claims to pursue Ms. Casalina's claim for back pay and any other compensation to which she may be

entitled that would be payable directly from the United States Treasury. Ms. Casalina does not intend to seek double recovery for the same damages.

**Administrative Proceedings Preceding This Complaint**

7. On May 18, 2012, Ms. Casalina filed her formal complaint for discrimination under Title VII with the EEOC. The Complaint was accepted for processing on June 25, 2012.

8. The NNSA Office of Civil Rights issued a Report of Investigation (ROI) on September 24, 2012, providing Ms. Casalina the choice between requesting a hearing and requesting a final agency decision. Ms. Casalina requested the final agency decision.

9. On December 18, 2012, the NNSA Office of Civil Rights informed Ms. Casalina that it required more time to complete a supplemental investigation and informed Ms. Casalina of her right to pursue a civil action instead. Ms. Casalina informed the Agency of her choice to pursue a civil action.

10. The NNSA Office of Civil Rights informed Ms. Casalina on January 24, 2013 that the Department of Energy's Office of Civil Rights had remanded the complaint for a supplemental investigation. Based upon that supplemental investigation, the Agency did not find probable cause for discrimination under Title VII of the Civil Rights Act of 1964.

11. Ms. Casalina also brings claims now for violation of the Equal Pay Act, which does not have an exhaustion requirement and which has not been addressed administratively.

**Substantive Allegations**

12. Ms. Cynthia Casalina is a Safety and Occupational Health Manager/NQ/03-0018 working for the United States Department of Energy ("DOE"), National Nuclear Security

Administration ("NNSA"), Los Alamos Field Office ("LAFO") at the Los Alamos National Laboratory ("LANL"). Ms. Casalina began working in this capacity in 2008.

13. Ms. Casalina's counterpart is Mr. Dean Decker, an Occupational Safety and Health Manager who works in the same office. Mr. Decker began working in that capacity in 2004.

14. When Ms. Casalina began working for LAFO, management directed her and Mr. Decker to split their duties between themselves. Management did not offer input or direction on how to do so.

15. Joseph Vozella, who was manager for both Ms. Casalina and Mr. Decker at that time, recognized that they were performing essentially the same job duties under the same conditions and requiring the same expertise.

16. Since that time, Ms. Casalina and Mr. Decker have performed essentially the same job, each having assumed primary responsibility for various programs when they split their duties as directed by management.

17. Ms. Casalina and Mr. Decker act as each other's backup when the other is unavailable, so that either takes responsibility for the other's programs as necessary.

18. Mr. Decker and Ms. Casalina are both fully qualified in all areas and rely on the same types of expertise and same type of duties in fulfilling their job duties on a daily basis.

19. Ms. Casalina and Mr. Decker work in the same facility.

20. Ms. Casalina's predecessor was Mr. David Barber, who was Mr. Decker's counterpart before Ms. Casalina began working for LAFO.

21. Mr. Decker and Mr. Barber also split their duties between themselves, performed essentially the same job duties, were qualified in all areas, and relied on the same types of expertise in fulfilling their job duties.

22. The work performed by Ms. Casalina and Mr. Decker is substantially equal. There is no appreciable variation in skill, effort, or responsibility between the jobs each performs on a daily basis at LAFO.

23. The work performed by Ms. Casalina is also substantially equal to the work performed by Mr. Barber prior to Ms. Casalina's beginning to work at LAFO.

24. Although she carries the same qualifications and expertise and performs substantially equal job duties as Mr. Decker now and as Mr. Barber before her, Ms. Casalina does not receive the same compensation as Mr. Decker receives now or as Mr. Barber received before her.

25. Ms. Casalina's compensation is approximately $35,000 less annually than Mr. Decker's compensation.

26. The only overt distinction between Mr. Decker's position and Ms. Casalina's position is that his job description includes the designation "Physical Scientist," which designation LAFO has admitted Ms. Casalina is qualified for.

27. There is no seniority system in place at LAFO or DOE that justifies the pay differential.

28. There is no merit system in place at LAFO or DOE that justifies the pay differential.

29. Neither Ms. Casalina's wages, nor Mr. Decker's wages, nor Mr. Barber's wages previously, are or were determined based on quantity or quality of production.

***Background Describing How This Inequitable Situation Arose***

30. Ms. Casalina applied for a Physical Scientist, 1301 Pay Band 4 job at LAFO in August of 2007. After being screened for qualification for the position, she was interviewed and was identified as the top candidate for the position by the interview panel.

31. Ms. Casalina was then informed by Lisa Renkin, HR Consultant, that she was not qualified for the position because she didn't have enough physical science credits. At that time, Ms. Casalina had no reason to disbelieve what she had been told.

32. Approximately six months later LAFO re-advertised the position as a Safety and Occupational Health Manager, 0018 Pay Band 3. Ms. Casalina applied and was selected for the job.

33. Prior to accepting the job offer, Ms. Casalina enquired as to whether she would be eligible to move to pay band 4 upon completing whatever educational requirements she had been missing for the previous position. She was informed by Human Resources representative Lisa Renkin that she would be able to move up.

34. After beginning work in Los Alamos, Ms. Casalina undertook to obtain the four credits in physical science that she had been informed were the sole basis for her lack of qualification for the pay band 4 position.

35. In that process, being given conflicting and incorrect information by HR Consultants, Ms. Casalina learned that the LAFO HR office had no objective criteria for the classification of her existing credits, and that classes that should have been counted as physical science credits had been counted as non-physical science classes.

36. Had these classes been properly classified as physical science classes, HR would have determined that Ms. Casalina was in fact qualified for the Physical Scientist position she had originally been selected for in August 2007.

37. LAFO insisted, however, that discussion of the previous misclassification of credits was "water under the bridge" but that the four credits Ms. Casalina had earned after beginning her work in Los Alamos did in fact qualify her for the Physical Scientist designation and the pay band 4 position.

38. However, she was told that no change would be made because if a pay band 4 position were advertised at LAFO, applicants form the Yucca Mountain facility would have priority and she would lose her job.

39. Ms. Casalina has since confirmed that she is qualified as a pay band 4 by applying for a position with another NNSA office performing the same function as LAFO in a different location. Through this process she has been informed that she is in fact qualified for positions carrying the "physical scientist" designation.

***Additional Allegations Related to Ms. Casalina's Inequitable Treatment***

40. LAFO is a division of the Department of Energy which has responsibility for federal oversight and management of activities at the Los Alamos National Laboratory related to nuclear safety, research and development, worker safety, and site safety management programs.

41. LANL is a large research laboratory that performs research in various hazardous disciplines.

42. Prior to Ms. Casalina's commencement of the EEOC complaint leading to this litigation, assignments or tasks were typically sent to both Ms. Casalina and Mr. Decker. The two of them would then divide the work between themselves as they felt appropriate.

43. Following her complaint, however, management began to direct assignments to Mr. Decker, while "ccing" Ms. Casalina, suggesting that Mr. Decker should be delegating to Ms. Casalina.

44. The discrimination Ms. Casalina experiences is part of a broad pattern at LAFO, where women have been consistently unrecognized, isolated, and treated poorly.

45. For example, Ms. Casalina has received numerous group emails using the salutation "Gents."

46. As another example, when a female colleague complained about sexually explicit jokes being told at a regular team lunch, the solution was to schedule a "G-rated" lunch for the complainant, while retaining the "regular" lunch for any who wanted to attend.

47. While Ms. Casalina was deemed unqualified for the physical scientist designation on the basis of LAFO confusion over classification of certain graduate credit hours, Mr. Decker, who lacks the required security clearance for his own position, was given the position anyway.

48. As a result of Mr. Decker's insufficient security clearance, Ms. Casalina is the only qualified responder to incidents in particular areas of the facility that require "Q" security clearance.

**Count One:**
**For Violation of Title VII of the Civil Rights Act of 1964**

49. Paragraphs 1 through 48 are re-alleged as if fully stated here.

50. LAFO does not pay Ms. Casalina in accordance with her skill, education, or expertise.

51. By continuing to classify Ms. Casalina as a pay band 3 despite having acknowledged that LAFO has limited or classified Ms. Casalina's employment in such a way as to deprive her of employment opportunities.

52. LAFO's treatment of Ms. Casalina constitutes discrimination with respect to her compensation, terms, conditions or privileges of employment on the basis of her sex and constitutes violation of Title VII of the Civil Rights Act of 1964.

53. LAFO has discriminated against Ms. Casalina based on her opposition to its unlawful employment practices or because of her EEOC Complaint.

**Count Two:**
**For Violation of the Equal Pay Act**

54. Paragraphs one through 53 are re-alleged as if fully stated here.

55. LAFO pays Ms. Casalina a rate less than the rate at which it pays Mr. Decker.

56. Ms. Casalina and Mr. Decker perform jobs in the same facility, the performance of which requires equal skill, effort and responsibility and which are performed under similar working conditions.

57. LAFO's payment to Ms. Casalina of this reduced wage is not based upon a seniority system, a merit system, a system which measures earnings by quantity or quality of production, or upon any other differential based on any factor other than sex.

WHEREFORE, Ms. Casalina prays the court to hold a jury trial and:

A. Award judgment in Ms. Casalina's favor against LAFO and the United States Department of Energy on each of her claims;

B. Enter an Order requiring that LAFO and the United States Department of Energy change Ms. Casalina's designation from pay band 3 to pay band 4;

C. Award Ms. Casalina's attorneys' fees and costs as permitted by law;

D. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

JONES, SNEAD, WERTHEIM
& CLIFFORD, P.A.
Attorneys for Plaintiff Cynthia A. Casalina

By *_/s/Samuel C. Wolf_*
SAMUEL C. WOLF
Post Office Box 2228
Santa Fe, NM 87504-2228
(505) 982-0011
(505) 989-6288 Fax
sam@thejonesfirm.com